IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Steven Logan, #144605, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 3:06-3129-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution; | ) | |
| Attorney General of the State | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Robert Steven Logan ("Logan") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and Recommendation, Magistrate Judge McCrorey recommends granting Respondents' motion for summary judgment and dismissing Logan's petition on the grounds that it is time-barred and procedurally barred.

Logan filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Logan's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Logan alleges that his petition should not be time-barred because, due to mental illness, he has been unable to proceed with his claim that his sentence was improperly lengthened from 25 to 30 years' imprisonment. (Objections 24-32.) However, this argument is without merit.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations in which to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d) (West 2006). The one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, "the running of this period is suspended for the time that a state post-conviction proceeding 'is pending.'" Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (quoting § 2244(d)(2)).

Logan's convictions became final in 1987, before the AEDPA was passed on April 24, 1996. Because Logan's convictions became final prior to the passage of the AEDPA, the one-year statute of limitations imposed by the Act began to run on April 24, 1996. See id. at 328. In addition, "[e]quitable tolling is appropriate when, but only when, extraordinary

circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted).

As Magistrate Judge McCrorey noted in his Report and Recommendation, Logan filed a § 2254 petition on December 11, 1997 ("1997 petition"), alleging that his sentence had been improperly lengthened from 25 to 30 years' imprisonment. (Report and Recommendation (1997 petition attached to R&R).) Logan's 1997 petition was dismissed without prejudice for failure to exhaust his claims in state court, and Logan was specifically informed in 1997 that he had one year to file an application for post-conviction relief ("PCR"). (Id. 2.) However, Logan did not file his PCR action until August 10, 2004. (Resp'ts' Mem. Supp. Summ. J. Ex. 1 (PCR).) Logan's PCR action concluded on April 5, 2005, and he filed the instant petition on October 30, 2006. Based on the foregoing, Logan's petition is time-barred and the principles of equitable tolling do not apply to salvage the instant petition. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that Respondents' motion for summary judgment, docket number 7, is granted, and Logan's petition is dismissed.

**IT IS SO ORDERED**.

                                                 s/Henry M. Herlong, Jr.
                                                 United States District Judge

Greenville, South Carolina
April 25, 2007

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.